**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Ryan Lee (024846)**
**rlee@amarlawgrp.com**
**Catherine Bowman (011713)**
**cbowman@amarlawgrp.com**
**Amar Law Group, PLLC**
**7001 N. Scottsdale Rd., Ste. 2060**
**Scottsdale, Arizona 85253**
**(480) 237-2744**
**(866) 226-1333 (facsimile)**
***Attorneys for Plaintiff***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Dennis R. Beamer, Jr.** | Case No.: |
| Plaintiff, | **COMPLAINT -- VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |
| vs. | |
| **Ford Motor Company,** | |
| Defendant. | |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. and Arizona warranty law. Jurisdiction is also conferred through 15 U.S.C. § 2310 (d) as the amount in controversy exceeds $50,000.00.

2. The Plaintiff, Dennis Beamer (“Plaintiff”), is a consumer and current Mesa, Arizona resident.

3. The Defendant, Ford Motor Company, ("Defendant") is a foreign corporation authorized to do business in the State of Arizona and is engaged in the manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the consuming public through its authorized dealerships.

4. On May 17, 2023, Plaintiff purchased from San Tan Ford a new 2023 Ford F-150, Vehicle Identification No. 1FTEW1C58PKD52551 ("F-150") manufactured, warranted, and supplied by Defendant, for a total financed price of $60,806.61.

5. In connection with Defendant's allocation of the F-150, Defendant issued and supplied Plaintiff with its written warranty, which has *inter alia* three (3) years/36,000-mile bumper to bumper coverage and five (5) year/60,000-mile powertrain coverage.

6. Plaintiff experienced multiple non-conformities with the F-150 that manifested after acquisition. Notably, the F-150 exhibited the following defects and conditions: transmission (7 repair attempts), steering, and shaking condition.

7. The F-150 was out of service for at least one hundred and six (106) days for attempted warranty repairs for these defects and conditions.

8. Defendant was not able to cure the F-150's defects within a reasonable opportunity as evidenced by the Defendant's designated dealership 15 U.S.C. § 2307 repair agents' dilatory repairs.

9. Upon information and belief, the F-150 remains defective and non-conforming.

10. The F-150's warranty failed of its essential purpose.

11. The above-mentioned vehicle defects and the dilatory inadequate repairs constitute substantial impairment in the use and value of the subject vehicle to Plaintiff.

12. Plaintiff provided Defendant, through its designated 15 U.S.C. § 2307 dealership warranty repair agents, a reasonable opportunity to repair the defects, non-conformities and conditions within the F-150.

13. Defendant had notice of the F-150's defects and an opportunity to cure.

14. Plaintiff gave Defendant additional written notification of the defects and repair history of the F-150 (through undersigned) as well as Plaintiff's lawful request for redress on May 27, 2026.

15. Defendant and Plaintiff were unable to reach an accord.

16. Plaintiff has been and will continue to be financially damaged due to Defendant's failure to conform the F-150 to its warranty.

17. Plaintiff did not receive the basis of his bargain, i.e., a warranted brand "new" F-150, but instead was saddled with a vehicle riddled with substantial defects and conditions akin to an improperly maintained high mileage used vehicle of a much lower value.

18. Plaintiff has met all legal and enforceable obligations and preconditions provided in Defendant's warranty and applicable law. As a direct and proximate result of Defendant's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310 (d), Plaintiff is entitled to bring suit for damages and other legal and equitable relief.

19. Plaintiff demands a trial by jury.

**COUNT I—BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT**

20. Plaintiff re-alleges and incorporate by reference paragraphs 1-19 in this Complaint.

21. Defendant failed to comply with its repair duties and obligations under the F-150's written warranty. Additionally, the warranty failed its essential purpose.

22. Defendant did not repair the F-150's conditions within a reasonable number of attempts or time.

WHEREFORE, Plaintiff prays for the following relief against Defendant for its written warranty breach:

a. An award of diminution in value damages;

b. All incidental and consequential damages;

c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

d. All other relief deemed justified by this Court.

//

//

//

//

//

**RESPECTFULLY SUBMITTED** this 2nd day of November, 2026.

By: /s/ Ryan Lee___________________
Shalev Amar
Catherine Bowman
Amar Law Group, PLLC
7001 N. Scottsdale Rd., Suite 2060
Scottsdale, AZ 85253
(480) 237-2744
(866) 226-1333 (facsimile)
Attorneys for Plaintiff